IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 3:04cr00089 |
| v. | ORDER AND OPINION |
| THOMAS E. COGHILL, JR., *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on the government's Motion to Quash Subpoena Duces Tecum, filed on November 8, 2005. For the following reasons, this Motion is hereby GRANTED.

The Defendant in this case pled guilty to wire fraud and bank fraud on August 17, 2005. The plea agreement provides that the amount of loss in the case will be determined by the Court at sentencing, currently scheduled for January 4, 2006. Defendant served a subpoenas duces tecum on one of the victims in this case, Donald Melcher, on October 5 and a superceding subpoena on October 19, 2005, requesting the production in advance of the sentencing date of documents related to the fraudulent transaction. The government now moves to quash that subpoena.

Federal Rule 17(c) governs the issuance of subpoenas in criminal cases. Although not expressly required by the rule, courts have determined that a party seeking issuance of a

subpoena returnable before trial must seek the court's permission. *U.S. v. Beckford*, 964 F. Supp. 1010, 1020-25 (E.D. Va. 1997); *U.S. v. Modi*, No. 1:01cr00050, 2002 WL 188327. At *1 (W.D. Va. July 25, 2001) ("The party requesting issuance of the subpoena must obtain the court's permission where such pre-trial production is requested."). Although these rules deal with subpoenas returnable before trial, the same rationale applies to the subpoena duces tecum returnable before sentencing in this case.[1] Here, the Court will determine the amount of loss at sentencing, and thus can expect some of the same issues to appear at sentencing as might appear at trial. Further, Rule 17(c)'s limitations are presumably not confined to the guilt phase of a proceeding but apply whenever a subpoena duces tecum might be used in a criminal case. Hence, the Court will treat a subpoena returnable before sentencing as equivalent to a subpoena returnable before trial.

It is well settled that pre-trial production under a Rule 17(c) subpoena is limited to documents that are relevant, specifically designated, and admissible. *Nixon*, 418 U.S. 683, 700 (1974). *Nixon* and its progeny have generally followed the subpoena requirements listed in *United States v. Iozia*: (1) the documents sought are evidentiary and relevant; (2) they are not otherwise reasonably procurable in advance of trial; (3) the defendant cannot properly prepare for trial without such production and inspection, and that failure to obtain such inspection may tend to unreasonably delay the trial; and (4) that the application is made in good faith and not as a general fishing expedition. 13 F.R.D. 335, 338 (S.D.N.Y. 1952). The burden is on the party seeking production to show good cause for production before trial. *Beckford*, 964 F. Supp. at

---

[1] At least one court has held that the same rules apply to subpoenas duces tecum returnable before sentencing and those returnable before trial. *See U.S. v. Gonzalez*, No. 94 CR 134(WK), 2002 WL 31641109 (S.D.N.Y. Nov. 13, 2002).

1022.

In this case, the defense has complied with none of the requirements described above. Defendant did not seek court permission before serving the subpoena duces tecum. Nor did Defendant present any information showing that the subpoena seeks information that is relevant, admissible, and specific under *Iozia* and *Nixon*. The Defendant has thus not carried his burden of supporting the subpoena, and without this information the Court cannot authorize its issuance. As numerous courts have noted, the court has an independent interest in seeing that the Rules of Criminal Procedure are observed, regardless of the desires of the parties. *See, e.g., Beckford*, 964 F. Supp. at 1025; *U.S. v. Ferguson*, 37 F.R.D. 6, 8 (D.D.C. 1965). This is not to say that the Defendant is necessarily prohibited from obtaining the documents sought, but rather to say that Defendant has not followed the proper procedure for obtaining them nor showed the Court why he is entitled to them.

In light of the foregoing, the government's Motion to Quash Subpoena Duces Tecum is hereby GRANTED and Defendant's Subpoena Duces Tecum issued on October 19, 2005 is hereby QUASHED.

It is so ORDERED.

The Clerk is directed to mail a copy of this order to all counsel of record.

ENTERED: _____
United States District Judge

_November 21, 2005_
Date